UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| RODOLFO PORTELA,<br><br>  Plaintiff,<br><br>V.<br><br>LT. BLACKBURN, LT. POSEY, and<br>UNITED STATES OF AMERICA,<br><br>  Defendants. | Civil Action No. 6: 21-32-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In April 2019, federal inmate Rodolfo Portela began banging his head against the walls of his cell and threatened to kill himself. Prison guards used pepper spray to subdue Portela and applied restraints. Staff kept Portela restrained until he seemed calm and collected, about 18 hours later. Portela sues the United States and two of the officers involved, claiming verbal, mental, and physical abuse during the episode.

The officers now move to dismiss this action, arguing that Portela's claims are both unexhausted and time-barred, while the United States contends that Portela's complaint must be dismissed for lack of jurisdiction. Portela's response does not address these arguments. The Court has independently reviewed the record and the positions of the parties, but agrees with the defendants in all material respects. The Court will therefore dismiss the Amended Complaint.

**I**

In his Amended Complaint Portela does not set forth the conduct which led to the officers' intervention, focusing entirely upon the subsequent actions of the defendants. He states that on April 4, 2019, Lieutenant Blackburn ordered unnamed officers to hit him in the face with a shield and laughed at him. Portela indicates that he was kept in restraints and a belly chain for the

remainder of the day and until the next morning. Portela further alleges that Blackburn falsely stated in the "15-minute restraint check form" that he had threatened to kill officers and spat at them. For his part, Portela contends that he was not combative in any way. Portela claims that the defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment, and amounted to a conspiracy to violate his civil rights under 18 U.S.C. § 241. [R. 12 at 2-4][1]

On February 5, 2020 - ten months after those events - Portela filed an informal grievance alleging abuse by Blackburn and Posey during the incident. [R. 26-2 at 24-25] When it was not resolved to his satisfaction, on March 3, 2020, Portela filed a formal grievance with the warden. On April 13, 2020, the warden responded that allegations of staff misconduct would be reviewed and, if necessary, investigated. The response further indicated that Portela would not be advised of the results of the investigation, and that he should appeal if not satisfied with the response. [R. 26-2 at 22-23] Portela did not appeal. [R. 26-2 at 4, 20]

Two months later, in June 2020 Portela filed a Form SF-90, *Claim for Damage, Injury or Death*, with the Bureau of Prisons. Portela claimed that Blackburn refused his requests to loosen his restraints, and that Blackburn and Posey made false statements in the Fifteen Minute Restraint Form. Portela alleged that the suffered mental and emotional injuries as a result. [R. 26-2 at 30-36] The BOP denied Portela's claim on December 16, 2020. In doing so, it noted that medical evaluations conducted while he was restrained showed no signs of restricted circulation. Further, a medical examination conducted 12 days later showed no injuries other than a superficial abrasion, and a subsequent x-ray of his rib cage showed no signs of injury. *See* [R. 26-2 at 151-

---

[1] In his original complaint, Portela also alleged that unnamed officers tightened his restraints even after he complained that they were too tight. [R. 1 at 2] Portela did not repeat this allegation in his Amended Complaint. Because the Amended Complaint entirely replaced the original, this allegation does not comprise part of the formal factual basis supporting Portela's claims. Still, the Court notes the prior allegation for context.

2

163, 187-210] The BOP therefore rejected Portela's claim, asserting both that there was no indication of negligence or malfeasance, and no evidence of a physical injury as required to obtain relief under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. ("FTCA"). [R. 26-2 at 28-29]

Portela filed his original complaint in this action on February 25, 2021, asserting claims against Lt. Blackburn and Lt. Posey for violating his rights under the Eighth Amendment and seeking relief pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] Portela confusingly stated both that he had, and had not, exhausted his administrative remedies, while noting that he had filed an administrative tort claim and attaching the BOP's rejection letter. [R. 1 at 4-5; R. 1-2] The Court noted Portela's probable intent to file a claim under the FTCA, and advised him that his "claim under the FTCA is [] subject to dismissal unless he names the United States as the proper defendant." *See* [R. 6] The Court granted Portela's request for additional time to file a new complaint. [R. 8] But it denied his subsequent motion to simply add the United States as a new defendant, noting that he must file an amended complaint. In addition, the Court stated that:

> merely identifying the United States as a defendant is not enough to state a claim against it under the FTCA: Portela must also actually set forth allegations against the United States in his complaint explaining why, factually and legally, it is liable under the FTCA.

[R. 11 at 2]. Portela filed an amended complaint by the deadline established. [R. 12] While the amended complaint did name the United States as a defendant, it did not include any allegations against it. Instead, the complaint merely reiterated its allegations against Blackburn and Posey and stated that "for the reasons set forth above the United States is liable." *Id*. at 1-3.

## II

The Defendants have moved to dismiss the complaint, or in the alternative for summary judgment. [R. 26] Properly characterized, the individual defendants seek summary judgment in

3

their favor. They do not actually contend that the Amended Complaint does not include sufficient allegations to state a claim against them, but instead assert that Portela's *Bivens* claims are barred by two affirmative defenses: exhaustion of administrative remedies and the statute of limitations. They must therefore establish that there is no genuine dispute as to any material fact and that they are entitled to a judgment as a matter of law, even viewing the record in the light most favorable to Portela. *Loyd v. St. Joseph Mercy Oakland*, 766 F. 3d 580, 588 (6th Cir. 2014). In contrast, the United States moves to dismiss Portela's FTCA claim for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court tests the validity of that motion using the same approach used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)).

The Defendants first contend that Portela failed to fully and properly exhaust his *Bivens* claims. Federal law requires an inmate to exhaust any available administrative remedies before filing suit regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). This rule applies to claims relating to all aspects of prison life, including claims of excessive force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The prisoner must follow the administrative remedy process in full "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP's Administrative Remedy Program requires a prisoner complaining about the conditions of his confinement to first file an informal grievance, as well as a formal grievance with the warden. 28 C.F.R. §§ 542.13(a), 542.14(a). If unsatisfied with the response, the inmate must appeal to the appropriate regional office, and if necessary, to the Central Office. 28 C.F.R. §

542.15(a). In this case, Portela filed a formal grievance with the warden on March 3, 2020, which was denied on April 13, 2020. Portela did not file any appeal. [R. 26-2 at 4, 20-23] Portela offers no justification for that failure and the record suggests none. Portela's abandonment of the grievance process would therefore require, at a minimum, dismissal of his *Bivens* claims without prejudice. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223-24 (6th Cir. 2011).

The Defendants are further correct that Portela did not file his *Bivens* claims before the statute of limitations expired. A plaintiff suing a federal employee under *Bivens* for violating his civil rights in Kentucky is subject to a one-year statute of limitations. *See Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("*Bivens* claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose."); Ky. Rev. Stat. § 413.140(1)(a) (stating that personal-injury actions in Kentucky have a one-year statute of limitations). Because a prisoner is required to exhaust his administrative remedies before filing suit, he is entitled to equitable tolling of the limitations period if the prisoner pursues the grievance process diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

Portela's claims of excessive force and abuse accrued immediately upon their commission on April 4, 2019. *Cf. Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015); *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007). Portela did make efforts to exhaust his claims by filing inmate grievances, but he did so months after the 20 days permitted by BOP regulations had expired, and he made no effort to pursue any available appeals. He is therefore not entitled to any equitable tolling of the limitations period. *Cf. Irwin v. Dept. of Veterans' Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period ... [but we] have generally been much less forgiving in receiving late filings where the claimant failed

to exercise due diligence in preserving his legal rights."). Nor would equitable tolling make a difference for Portela: he was filing administrative grievances only between February 5 and April 13, 2020, a period of 67 days. If that time is added to the one-year limitations period, Portela's complaint must have been filed by June 10, 2020. But Portela's complaint is deemed filed on February 25, 2021, the day he signed it while incarcerated in Illinois. *See* [R. 1 at 8]; *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). His complaint was therefore filed more than eight months too late. Portela's claims under *Bivens* are time-barred and will be dismissed.

Finally, Portela has not stated a viable claim under the FTCA. At the Court's prompting, Portela filed his Amended Complaint and named the United States as a defendant. However, his factual allegations and legal claims are directed only against Blackburn and Posey. Following his description of the pertinent events, Portela stated only that "these employees of the United States violated many laws and my civil rights. USP-McCreary is running an evil communist regime, torturing inmates with cruel and unusual punishment, 18 U.S.C. § 241. For the reasons stated above the United States is liable." [R. 12 at 3] These allegations do not state a FTCA claim. First, 18 U.S.C. § 241 is a criminal statute, not a civil one. A private citizen lacks standing to assert a claim under a criminal statute, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and there is no implied private right of action to enforce Section 241. *Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004) (civil plaintiff has no private right of action to assert a claim under 18 U.S.C. §§ 241, 242, 1505). And Portela's assertion that "USP-McCreary is ... torturing inmates with cruel and unusual punishment" asserts a constitutional claim against the government. But the United States and its agencies cannot be sued for constitutional torts. *Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 436 (6th Cir. 2006) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994)); *Shivers v. United States*, 1 F.4th 924, 930 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1361

(2022) ("Congress did not create the FTCA to address constitutional violations at all but, rather, to address violations of state tort law committed by federal employees.").

### III

For the foregoing reasons, the Defendants' motion will be granted, and Portela's Amended Complaint will be dismissed.

Accordingly, it is **ORDERED** as follows:

1. Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [R. 26] is **GRANTED**.

2. Plaintiff Rodolfo Portela's claims under *Bivens* against Lt. Blackburn and Lt. Posey are **DISMISSED WITH PREJUDICE**.

3. Portela's claim under the FTCA against the United States of America is **DISMISSED** for lack of subject matter jurisdiction.

3. This matter is **STRICKEN** from the docket.

Entered: June 8, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY